NUMBER 13-00-081-CR

COURT OF APPEALS

THIRTEENTH DISTRICT OF TEXAS

CORPUS CHRISTI

___________________________________________________________________

ROY DELAROSA , Appellant,


v.


THE STATE OF TEXAS , Appellee.

___________________________________________________________________



On appeal from the 24th District Court

of De Witt County, Texas.

___________________________________________________________________
O P I N I O N

Before Chief Justice Valdez and Justices Dorsey and Rodriguez

Opinion by Justice Dorsey


Appellant, Roy Delarosa, was convicted of aggravated sexual assault of a child and sentenced to sixty years confinement.
See Tex. Pen. Code Ann. § 22.021 (Vernon 1994 & Supp. 2001). On appeal, he contends that the State used four of its
peremptory strikes to exclude Hispanic members of the venire panel for race-based reasons. He made this complaint to the
trial court, and the trial court held Batson hearings and found satisfactory the State's race-neutral explanations for striking
the particular veniremen. 

Delarosa argues that the State has access to databases that give access to such a broad range of information about
prospective jurors that the State will virtually always be able to "manufacture" a race-neutral explanation for use of a
peremptory strike. Because his jury was all Caucasian in a county where the combined Hispanic and African-American
population of the county is 35%, Delarosa argues that the State's reasons were not substantial enough to withstand a
Batsonchallenge. We disagree.

The use of peremptory challenges to exclude persons from the petit jury because of their race violates the Equal Protection
Clause of the Fourteenth Amendment. Batson v. Kentucky, 476 U.S. 79, 106 S.Ct. 1712, 1716-1717, 90 L.Ed.2d 69 (1986).
Either party in a criminal trial may object to the other party's use of a peremptory challenge as an equal protection violation. 
Georgia v. McCollum, 505 U.S. 42, 112 S.Ct. 2348, 2357, 120 L.Ed.2d 33 (1992). The objecting party must first make a
prima facie showing that the other party has used a peremptory challenge to remove a venireman on account of race. 
Purkett v. Elem, 514 U.S. 765, 115 S.Ct. 1769, 1770, 131 L.Ed.2d 834 (1995). Once the objecting party has made a prima
facie showing of purposeful discrimination (step one), the burden of production shifts to the other party to come forward
with a race-neutral explanation (step two). Ibid. If a race-neutral explanation is tendered, the trial court must then decide
(step three) whether the objecting party has proven purposeful discrimination. Ibid. Since the trial court's decision will
turn largely on an evaluation of credibility, the appellate court must give that decision great deference and must not disturb
it unless it is clearly erroneous. Robinson v. State, 851 S.W.2d 216, 226 (Tex. Crim. App.1991), cert. denied, 512 U.S.
1246, 114 S.Ct. 2765, 129 L.Ed.2d 879 (1994).



Ladd v. State, 3 S.W.3d 547, 563 (Tex. Crim. App. 1999).

Appellant raised Batson challenges to the prosecution's use of peremptory strikes to remove Tony Campos, Jr., Velma
Garza, Diane Garza and Mrs. Anzualda. Appellant contended that all four were excluded because they were Hispanic. The
prosecution tendered its race-neutral explanations for striking them to the trial court.

The prosecution stated that it struck Tony Campo, Jr. because it had received information from a police chief of the City of
Yorktown, where Campos lived, that Campos was a troublemaker who had left the scene of several accidents and was
generally viewed as a "nuisance in the community." The prosecution stated that it struck Velma Garza because her brother
was sent to the penitentiary for murder, and because both he and another brother had been prosecuted by the same D.A.'s
office that was prosecuting the present case. The prosecution stated that it struck Diane Garza because it had previously
brought, and dismissed, a case against her husband, and because she herself had allegations against her made to Child
Protective Services. Finally, the prosecution stated that it struck Mrs. Anzualda because (1) she said she would not be able
to convict someone without hearing character evidence, (2) because her son had been represented by one of the prosecutors
previously and she appeared to be unhappy with the representation, (3) one of her sons was in prison and she did not reveal
that during voir dire, and (4) the Cuero police department recommended against accepting her as a juror because of the
problems her son has had.

The trial court overruled appellant's Batson challenges, finding the State struck the jurors for racially neutral reasons.
Additionally, the prosecution noted on record that it had left one Hispanic member on the panel that, due to her position on
the panel, could have made it on the jury.

We discern no clear error in the trial court's denial of appellant's Batson objections. On this record, the trial court could
have reasonably concluded that the State's race-neutral explanations were sincere and that the peremptory strikes in
question were not racially-motivated. We overrule appellant's point of error, and affirm the decision of the trial court.



 

J. BONNER DORSEY,

Justice



Do not publish .

Tex. R. App. P. 47.3(b).

Opinion delivered and filed

this 7th day of June, 2001.